PHILIP LICHTENSTADT

v.

BENJAMIN W. FLEISHER ET AL.

*Injunctions—Dissolution—Damages—Suggestion of—Measure of—Solic-itor's Fees—Discretion of Court.*

1.   Where an injunction has been dissolved, the damages to be allowed in the assessment upon a suggestion of damages, are only such as have resulted from the improper suing out of the injunction.   Solicitor's fees must be confined to the proper allowance for services rendered on the motion to dissolve.

2.   The allowance of solicitor's fees in such cases rests somewhat in the discretion of the chancellor before whom the litigation has proceeded, and unless he has very clearly gone wrong, his discretion will not be interfered with by this court.

3. In such a case this court will not reverse merely for the reason that the finding of the court below was for a less sum than the lowest amount fixed by the witnesses.

[Opinion filed November 23, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Mr. ALLAN C. STORY, for appellant.

In November, 1884, a bill in chancery was filed in the Superior Court against appellant and others, to enjoin them from preparing for trial or trying a certain replevin suit which had been brought, for a quantity of woolen yarn, sworn by plaintiffs to be worth $5,000, and which they had obtained from Lichtenstadt on the writ, and shipped to Philadelphia before filing the bill. They also claimed in the bill for an injunction a quantity of other yarn, claimed to be worth in all from $8,000 to $9,000.

The writ was served just as the replevin case was to be called for trial, and of course the attorney's fees for this and other expenses of preparation for trial in the case, was an element of damage to appellant by reason of the injunction.

Several attempts were made to dissolve the injunction, and complainants were twice allowed to amend their bill. Finally, after answer, a new injunction bond was ordered, and finally on the third motion the injunction was modified, so as to allow all steps to be taken in replevin suit except to try the same.

The chancery cause was tried upon bill, answer, replication and proofs, consuming five days in the trial. The court, Judge Garnett, dismissed the bill for want of equity at cost of complainant, and suggestions having been filed, assessed damages upon dissolution of injunction at $150 in favor of appellant.

Under the previous decisions of the Supreme Court and this court there should have been allowed a sum at least twice as large as the judgment appealed from. Joslyn v. Dickerson, 71 Ill. 25; Mason v. City of Shawneetown, 77 Ill. 538; Hartwell v. Black, 48 Ill. 301; School Directors v. Trustees, 66 Ill. 247.

Mr. Julius Stern, for appellees.

*Per Curiam.* This is an appeal from the finding and judgment rendered by the chancellor upon a suggestion of damages on the dissolution of an injunction. The injunction was dissolved on final hearing, and much of the work done by counsel for which recompense was sought, was upon the merits and was necessary, and presumably would be valuable to appellant in the suit at law, to enjoin the prosecution of which the bill in chancery was filed. The only damages claimed was for attorney's fees.

While the testimony introduced would warrant the court in allowing a large amount, we are unable to say that the court so far erred in fixing the amount for which judgment was rendered as to require us to reverse the judgment.

The damages to be allowed in such assessments are only such as result from an improper suing out of the injunction, and the solicitor's fees must be confined to the proper allowance, for services rendered in the motion to dissolve. The allowance of such fees rests somewhat in the discretion of the chancellor before whom the litigation has proceeded, and the discrimination made by him between the services to be charged to the motion to dissolve and those to be referred to the trial of the entire case presents a difficult question for a reviewing court, and unless, therefore, he has very clearly gone wrong, his discretion will not be interfered with.

We find no case in which the judgment of the chancellor has in such case been set aside on the ground that the allowance of attorney's fees was, under the evidence, too small, and in view of the opinions of the value of the services which are usually given by lawyers who are called as witnesses to prove the value of such services, we are loth to set a precedent. We can not reverse in such a case for the reason that the finding of the court is for a less sum than the lowest amount fixed by witnesses.

The judgment must be affirmed.

*Judgment affirmed.*