MICHAEL MORIARTY

*v.*

THOMAS A. GALT.

*Filed at Ottawa June 16, 1888.*

ATTORNEY'S FEES—*as an element on suggestion of damages on dissolution of injunction.* The purchaser of a homestead filed his bill to prevent the sale of the same by the sheriff, on an execution against the purchaser's grantor, on the ground the premises were not subject to levy and sale, and obtained an injunction staying the sale. On the hearing, the injunction was made perpetual, and on appeal the decree was reversed, and the cause remanded, with directions, substantially, to dismiss the bill, whereupon the injunction was dissolved on the defendant's motion, and, on suggestion of damages, attorney's fees were claimed: *Held,* that solicitor's fees were not recoverable in such a case, it appearing that the same legal services would have been necessary to defend the suit if no injunction had been granted.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. JOHN V. EUSTACE, Judge, presiding.

27—125 ILL.

Messrs. J. & J. Dinsmoor, for the appellant:

A bill may be for an injunction alone, so that a dissolution of the latter is practically a dismissal of the bill. *Parkinson* v. *Trousdale*, 3 Scam. 367; *Edwards* v. *Pope*, id. 465; *Phelps* v. *Foster*, 18 Ill. 309; *Titus* v. *Mabee*, 25 id. 257; *Weaver* v. *Poyer*, 70 id. 567; *Prout* v. *Lomer*, 79 id. 331.

Attorney's fees are properly allowed as damages on the dissolution of an injunction. *Billings* v. *Sprague*, 49 Ill. 509; *Misner* v. *Bullard*, 43 id. 470; *Directors* v. *Trustees*, 66 id. 247; *Joslyn* v. *Dickerson*, 71 id. 25; *Mason* v. *Shawneetown*, 77 id. 533; *Cummings* v. *Burleson*, 78 id. 281; *Darst* v. *Gale*, 83 id. 136; *Danville* v. *Parks*, 88 id. 170; *Cummings* v. *Mugge*, 94 id. 186; *Marsh* v. *Morton*, 75 id. 621; *Ryan* v. *Anderson*, 25 id. 372; *Buck* v. *Beekly*, 45 id. 101; *Colcord* v. *Sylvester*, 66 id. 540.

Messrs. Manahan & Ward, for the appellee:

While this court, in some injunction cases, allowed counsel fees to the defendant, whenever the question has been raised fees for defending the suit have invariably been refused. *Jevne* v. *Osgood*, 57 Ill. 346; *Elder* v. *Sabin*, 66 id. 131; *Weaver* v. *Fries*, 85 id. 356; *Blair* v. *Reading*, 99 id. 615; *Dishbrow* v. *Garcia*, 52 N. Y. 654; *Childs* v. *Lyon*, 3 Rob. 704; *Gerard* v. *Gateau*, 15 Bradw. 530; *Wallace* v. *York*, 45 Iowa, 81; *Allen* v. *Brown*, 5 Lans. 511; *Hotchkiss* v. *Platt*, 8 Hun, 46; *Strong* v. *De Forest*, 15 Abb. 427; *Campbell* v. *Metcalf*, 1 Mont. 378; *Allport* v. *Kelly*, 2 Ed. 343; *Newton* v. *Russell*, 87 N. Y. 527; *Burgen* v. *Sharer*, 14 B. Mon. 497; High on Injunctions, secs. 973, 974; 2 Sutherland on Damages, 65, 68.

Counsel fees may be recovered in an action upon the bond, if the injunction was improperly or wrongfully sued out, the amount being limited to fees paid counsel for procuring the dissolution, and not for defending the entire case. It is improper to include fees paid to counsel for defending the entire action to which the injunction was merely ancillary. High on

Injunctions, secs. 973, 974; 2 Sutherland on Damages, 65, 68; *Wallace* v. *York*, 45 Iowa, 81; *Allen* v. *Brown*, 5 Lans. 511; *Hotchkiss* v. *Platt*, 8 Hun, 46.

In *Dishbrow* v. *Garcia*, 52 N. Y. 564, it is said: "The principal question was the title to property,—not the right to use it pending the action." In this case, the sole question was whether Galt's ownership of the premises was free of or subject to Moriarty's judgment lien,—not the propriety of issuing the preliminary writ. *Childs* v. *Lyon*, 3 Rob. 704; *Strong* v. *De Forest*, 15 Abb. 427; *Campbell* v. *Metcalf*, 1 Mont. 378.

The only damages which can be recovered are such as arise from the injunction itself, and not such as are occasioned by the suit, independent of the injunction. *Burgen* v. *Sharer*, 14 B. Mon. 497.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The original suit out of which the present litigation arises, was a bill brought by Thomas A. Galt, against Michael Moriarty, plaintiff in a certain execution, and Thomas S. Beach, sheriff, to prevent defendants from casting a cloud upon the title of certain real property which complainant claimed to own in fee simple. It was alleged the property was exempt from sale under defendant's execution in the hands of the sheriff, because it was, at the time of the recovery of the judgment, the homestead of one Mooney and wife, who afterwards, by deed, conveyed it to complainant, with a release of homestead. A temporary injunction was asked for, and allowed, to restrain the sheriff from making the sale until the further order of the court in the premises. On the final hearing of the cause the circuit court decided the property was not subject to sale on the execution, and entered an order making the injunction perpetual. That decree was affirmed in the Appellate Court for the Second District, but the judgment of the Appellate Court was afterwards reversed in this court, and the cause

remanded to that court, with directions to reverse the decree of the circuit court and remand the cause for further proceedings in conformity with the views expressed in the opinion of the Supreme Court. That was done, and when the cause was re-docketed in the circuit court, it seems defendant Moriarty entered a motion to dissolve the injunction, in accordance with the mandate of the Appellate Court. Thereupon a suggestion of damages, alleged to have been occasioned by the injunction, was made, and the court was asked to ascertain and assess the same, under the statute. The sum demanded as damages amounted to $465.69, most of which was for attorney's fees in and about the defense of the suit, as appears from the bill of items found in the record. The injunction previously awarded was dissolved, and the suggestion of · damages was referred to the master in chancery, and he was ordered to take evidence and report as to the matter of damages. Upon the evidence taken by him the master reported that he was of opinion defendant was entitled to damages in a sum equal to the fair value of *all the services* rendered by his solicitors in procuring the dissolution of the injunction, and fixed the value of such services, from a fair estimate of all the evidence, at $400. To the master's report twelve exceptions were filed before the master, all of which he overruled. On the cause coming on to be heard on the suggestion of damages, the court sustained all the exceptions taken to the master's report, and held, and so decreed, that defendant Moriarty was not entitled, under the proof taken and reported by the master, to any damages by reason of the injunction, and thereupon dismissed the bill at complainant's costs. That decree was affirmed in the Appellate Court, and defendant Moriarty brings the case to this court on appeal.

The entering of a motion, as was done, after the cause was sent down from the Appellate Court, to dissolve the injunction, was the doing of a useless thing. The mandate directed the circuit court to proceed in conformity with the views expressed

in the opinion of the Supreme Court, and that was equivalent to a direction to dismiss the bill. When that should be done the injunction would cease to control, without any specific order of dissolution. Even if this were a case for the allowance of solicitor's fees as damages, the amount fixed ($400) by the master was so unreasonable, in view of the character of the case, had it been allowed it would not be permitted to stand for a moment. The judgment which the litigation concerned was only about $600, and had the sum claimed been allowed, it would have been oppressive in the extreme upon complainant in the original suit.

But the case is not one where solicitor's fees should be allowed as damages recoverable, as on the dissolution of an injunction. The question presented by the bill and subsequent pleadings in the case, for decision, was, whether the premises, or any part thereof, were subject to levy and sale on the execution issued on the judgment in favor of defendant Moriarty, after they had been sold by the judgment debtor, or, in other words, whether a judgment becomes a lien upon any portion of property occupied by a debtor and his family as a homestead, when it exceeds in value $1000. That was a question of some difficulty, and one about which the courts disagreed. Both of the courts below through which the case came to this court, held the judgment was not a lien upon the property, or any portion of it. This court, however, held, as to $1000 of the lot the judgment created no lien, and could not be enforced, but as to the excess in value, the property was liable to be levied upon and sold at any time during the existence of the lien of such judgment. The injunction granted was simply an incident to the principal relief sought by the bill, and operated to stay the action of the sheriff until the question litigated by the parties could be judicially determined. That was a question in which both parties were interested, and common prudence would dictate no sale of the property should be made while the point in controversy was being litigated through the several

courts, and it would seem defendant, as well as complainant, would have been willing to a stay of proceedings without the restraining order of the court to that effect. There was, in fact, no controversy as to the propriety of the injunction. It necessarily followed the fate of the bill. If it should be held the judgment created no lien on the premises, then it would be continued; but if it should be determined it was a lien on the premises, or some portion, then it would fail, as a matter of course, with the dismissal of the bill, which would follow that conclusion. In *Wilson* v. *Haecker*, 85 Ill. 349, it was said: "It is not perceived what damage appellees would suffer from being restrained from selling or incumbering the land while the title was in litigation." In *Blair* v. *Reading*, 99 Ill. 600, the case of *Wilson* v. *Haecker* is cited with approval, and it was said: "The propriety of suing out the injunction was never called up or considered by the court until the case was finally considered on its merits." What was said in both of these cases may well be applied to the facts of the case in hand.

It is not perceived what damage defendant Moriarty would suffer from the sheriff being restrained from making the sale while the question whether the judgment was a lien upon the premises was being litigated; nor was the propriety of the suing out of the injunction called up or considered until the merits of the case had been passed upon by this court. It is apparent the expenses incurred on account of solicitor's fees would have been substantially the same if no injunction had been sued out. Had the preliminary injunction been refused, the bill might have been, and doubtless would have been, retained to ascertain whether complainant was entitled to relief, and the same litigation would have been had.

The circuit court and the Appellate Court decided wisely and justly in disallowing the claim of solicitor's fees as damages arising out of the issuing of the injunction, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*