Mackey v. Plumb.

---

## Spoor Mackey

### v.

## Belle Plumb et al.

*Equitable Estoppel—Bill to Restrain the Payment of Money on Execution—Concealment—Fraud.*

1. When one, by his words or conduct, wilfully causes another to believe the existence of a certain state of things and induces him to act on that belief, so as to alter his previous condition, the former is concluded from averring against the latter a different state of things as existing at the same time.

2. This court declines to interfere with a decree dismissing a bill filed by a judgment debtor to restrain the sheriff from paying over money in his hands on an execution in favor of another who is not estopped from asserting her claim.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for appellant.

It is laid down in all the books, and so far as we are advised, since the case of Pickard v. Sears, 6 A. & E. 469, universally conceded to be the law, that "when one by his words or conduct wilfully causes another to believe the existence of a certain state of things and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." White v. Walker, 31 Ill. 437; Hefner v. Dawson, 63 Ill. 403; Kinnear v. Mackey, 85 Ill. 97; Going v. Outhouse, 95 Ill. 350; Hill v. Blackwelder, 113 Ill. 291; Talcott v. Brackett, 5 Ill. App. 69; Litzelman v. Howell, 20 Ill. App. 588; Sessims v. Rice, 30 N. W. Report. 735; Continental Nat. Bank v. The Nat. Bank of Commonwealth, 50 N. Y. 575; Bigelow on Estoppel (2d Ed.) 434.

It is also laid down as a correct rule of equity jurisprudence that "when a man has been silent when in conscience he ought to have spoken, he shall be debarred from speaking when conscience requires him to be silent." Note 1, Bigelow on Estoppel, 453.

Messrs. BENJAMIN & MORRISEY and Mr. JACOB P. LINDLEY, for appellees.

In view of the fact that Belle Plumb continued in the employ of Bailey Plumb for more than eight months after the judgment note was given to appellant, and while large sums of money, amounting to seven hundred dollars, were being paid to appellant, without drawing her wages, can it be said that she was guilty of moral turpitude or fraud?

If the element of fraud is wanting there is no estoppel. This our Supreme Court has repeatedly said. Chandler v. White, 84 Ill. 435, 438; Dorlarque v. Cress, 71 Ill. 380, 382; Davidson v. Young, 38 Ill. 145, 152; Powell v. Rogers, 105 Ill. 318.

And see St. Joseph Mfg. Co. v. Daggett, 84 Ill. 556, where it was held that an agent acting under the direction of his principal was not estopped.    St. Joseph Mfg. Co. v. Daggett, 84 Ill. 556–562.

In the case at bar Belle Plumb was simply doing as she was directed to do by her principal.

" There must be some degree of turpitude in the conduct of a party before a court of equity will estop him from the assertion of· his title—the effect of the estoppel being to for-feit his property and transfer its enjoyment to another." Boggs v. Mining Co., 14 Cal. 368; Anaheim Water Co. v. Water Co., 64 Cal. 195; Henshaw v. Bissel, 18 Wal. 271.

CONGER, J.  On the 19th of November, 1886, one Bailey Plumb, a retail dealer in paints and wall paper in Blooming-ton, Illinois, was indebted to appellant on open account in the sum of $2,968.27, for goods in his line previously furnished him by appellant.    On that day appellant sent Mr. Barrett, who was his credit man, to Bloomington, to see about the account.    Mr. Barrett saw Mr. Plumb, and by him was referred to appellee, Belle Plumb, his daughter, and book-keeper, for information.    Mr. Barrett and Belle went over the books and when through Barrett testifies that he asked Belle, " Now is this all you owe?    Do your books show everything? " and he says she replied:    " Yes, this is all; we owe nothing but what is on the books, and you have seen all."    This is denied by Miss Plumb.

After this examination Mr. Barrett took from Mr. Plumb a judgment note for the amount due appellant, returned to Chicago and delivered it to his employer.    Upon this note during the succeeding eight months Mr. Plumb made pay-ments amounting to $700 to $750.    In June, 1887, Bailey Plumb, finding himself in failing circumstances, executed three judgment notes, to wit:    One to Eugene Jackman for $2,103; one to Mrs. Skinner for $225; and one to appellee Belle Plumb, for $960, on which judgments were at once taken; executions issued in the order above mentioned, and Bailey Plumb's stock of goods sold.

Appellant then took judgment for the balance due him on Plumb's note, issued execution, and the same was returned " No property found," whereupon appellant filed a bill against appellee Belle Plumb, and the sheriff, seeking to restrain the sheriff from paying over to Belle Plumb the money in his hand, made by her execution, but asking that such money should be applied upon appellant's execution against Bailey Plumb. The indebtedness to Jackman existed at the time of the examination of the books in November, 1886, and was known to appellee Belle Plumb. The indebtedness to herself at that time to the amount of about $700 also existed, and was due her for her wages at the rate of $40 per month as book-keeper and saleswoman for her father, but neither of these accounts appeared upon the books of Bailey Plumb.

The bill proceeds upon the theory that there was a fraudulent concealment of the financial condition of Bailey Plumb, by appellee Belle Plumb, in her interview with Barrett, by which appellant was deceived and misled, and that in consequence appellant took no active measures to secure himself until it was too late, and that therefore appellee Belle Plumb is now estopped from asserting her claim against Bailey Plumb until appellant's debt shall be satisfied, there not being sufficient assets to satisfy both.

We are not altogether satisfied with the finding of the master upon the question of fact, for Belle Plumb gives a different version of the transaction from that of Mr. Barrett; but waiving that question, and assuming that the finding as based upon Barrett's statement is correct, we are of opinion that the Circuit Court decided correctly in dismissing the bill. The rule of equitable estoppel is thus defined in Pickard v. Sears, 6 A. & E. 469: " When one, by his words or conduct, wilfully causes another to believe the existence of a certain state of things and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." The above definition has been approved by our own Supreme Court. Hill v. Blackwelder, 113 Ill. 283; Hefner v. Vandolah, 57 Ill. 520.

Mackey v. Plumb.

It is entirely too uncertain what appellant would have done, had he known, at the time of Barrett's investigation, of the existence of these debts. When it is asserted that he would have changed his then attitude toward Bailey Plumb had he known these facts, such assertion is mere speculation.

His debt after that date, instead of being increased, was decreased by payments made to him by Bailey Plumb to the extent of some $700.

Had appellant known the true facts, would he have continued selling Bailey Plumb goods, and receive payment in full for the same and partially upon the old bill, or would he have refused further credit and sought to enforce collection by legal means? and had he chosen the latter course would he have succeeded in placing himself in a better position than he is now? No one can tell. In the language of Wellington v. Small, 3 Cush., page 149, "How could this plaintiff prove that he suffered any damage from the acts of the defendant which are averred in the declaration? How could he prove that he would have secured his debt by attaching the property of his debtor, if the defendant had not intermeddled with it? Other creditors might have attached it before him; or it might have been stolen or destroyed while in the debtor's possession. The fact that the plaintiff has suffered actual damage from the defendant's conduct is not capable of legal proof because it is not within the compass of human knowledge, and therefore can not be shown by human testimony. It depends on numberless unknown contingencies, and can be nothing more than a matter of conjecture."

We think the Circuit Court decreed properly in dismissing the bill, and such decree will therefore be affirmed.

*Decree affirmed.*