# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1889.

## SPOOR MACKAY

v.

## BELLE PLUMB.

*Creditor's Bill—Fraud—Injunction—Dissolution—Sec. 12, Chap. 69, R. S.—Damages—Estoppel.*

1. Where an injunction is an important part of the relief sought in a given case, solicitor's fees are allowable upon dissolution thereof, as part of the damages, where the services were rendered in connection therewith. Fees for services in and about a branch of a given case, independent of the injunction, should not be included.

2. In the case presented, this court holds that the fees in question were incurred in defeating the action; that the dissolution of the injunction necessarily followed as incidental to that result; that the only damage sustained by reason of the injunction was the delay in the payment to defendant upon her execution, that she was duly compensated therefor, and that the portion of the decree allowing as damages such fees can not stand.

[Opinion filed May 24, 1890.]

In ERROR to the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for plaintiff in error.

" The rule is, that costs and expenses, reasonable in amount, incurred for the object of obtaining a discharge of the injunction, are allowable as a part of the damages by reason of the injunction.    But where counsel fees and expenses are incurred in defeating the action, and the dissolution of the injunction is only incidental to the result, such fees and expenses are not allowable."    Bailey, J., in Field v. Medenwald, 26 Ill. App. 642, and see Gerard v. Gateau, 15 Ill. App. 520; Wilson v. Hecker, 85 Ill. 349; Blair v. Reading, 96 Ill. 130; Moriarty v. Galt, 125 Ill. 421; High on Injunctions, Sec. 1685; Rosenthal v. Boas, 27 Ill. App. 430.

Messrs. Benjamin & Morrissey and J. P. Lindley, for defendant in error.

Where a permanent injunction is an important part of the relief sought, counsel fees are allowable as part of the damages, whether the injunction was dissolved by an interlocutory order on motion for that purpose, or on final hearing.    Darst v. Gale, 83 Ill. 136, 144; Andrews v. Glenville Woolen Co., 50 N. Y. 282, 287; Corcoran v. Judson, 24 N. Y. 106, 109; Solomon v. Chesley, 59 N. H. 24, 25; Thomas v. McDonald (Iowa), 42 N. W. Rep. 301–2; Directors v. Trustees, 66 Ill. 247.

The statute under which the damages in this case were assessed, provides as follows:

" In all cases where an injunction is dissolved by any court of chancery in this State, the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same."    Sec. 12, Chap. 69, R. S.

Pleasants, P. J.    Plaintiff in error filed his bill in equity October 1, 1887, setting forth that he was a creditor of Bailey Plumb, by a judgment of August 8, 1887, for about $3,000 upon a note of November 19, 1886, given for goods sold and

delivered, on which execution had been issued and returned *nulla bona;* that on the 27th of June next preceding, said Bailey conspiring with defendant in error, who was his daughter and bookkeeper, confessed judgment in her favor for $1,020, when there was in fact no indebtedness to her; that under execution issued thereon, all the property of said Bailey liable to execution had been sold, and the proceeds, about $800, were in the hands of the sheriff; that defendant in error was not financially responsible; that her judgment was fraudulent and void as against complainant, and if not, that she was estopped to enforce it as against him for reasons stated. It prayed an injunction to restrain the payment over to her by the sheriff of the money so in his hands; that her said judgment be set aside and declared void as against complainant, and said money applied toward satisfaction of his claim. Belle Plumb, Bailey Plumb and the sheriff were made parties defendant.

On this bill an injunction was ordered and issued. Defendants Plumb filed separate answers, denying the allegations relating to fraud and estoppel, and upon said answers sworn to and supported by affidavits, filed a motion to dissolve it.

Notice of the motion was given on October 11th for the 17th, but whether it was ever argued the record does not show and counsel do not agree; but the court took no action upon it until the final hearing, when upon the pleadings and evidence and master's report a decree was made simply dismissing the bill at complainant's costs. On the same day a suggestion of damages was filed by defendant Belle Plumb. From that decree an appeal was taken to this court, where it was affirmed. See 29 Ill. App. 245. The case was then re-docketed in the Circuit Court and an additional or amended suggestion filed, claiming for fees paid for services of solicitors on the appeal and for printing briefs; and on evidence heard, the court allowed her $158 of which $58 was for delaying the payment on her execution, and the residue for solicitor's fees. Thereupon complainant sued out this writ of error and here complains of the allowance last mentioned.

Under Sec. 12, Chap. 69, R. S., plaintiff in error could

Mackay v. Plumb.

rightfully claim only such damages as she sustained "by reason of the injunction." Her payment of, or liability for reasonable solicitor's fees is regarded as a damage to the amount of such fees; and the only question is whether she paid or became liable for any in this case by reason of the injunction. That is to be determined by ascertaining whether any services were properly required of, and rendered by the solicitors which would not have been so required if there had been no injunction. From the pleadings and evidence in the record, we are unable to discover any such.

It is said the injunction was the gist of the bill, and that the trial of the whole case was necessary to determine whether it was rightfully or wrongfully sued out.

We think the first of these propositions is not true in fact or law, and that from the other, though true, the consequence claimed would not necessarily, and in this case does not, follow.

If the defendant, Belle Plumb, was pecuniarily irresponsible, as the bill alleged, that was an accidental circumstance, which made the injunction proper and important, but it was not at all material to complainant's right to the relief sought, nor was the injunction any part of that relief. Upon the other facts alleged his right was to have the proceeds of Bailey Plumb's property then in the hands of the sheriff applied upon his judgment, and that would have been none the less his right if she had been responsible. The relief sought was their actual application in that way. It was immaterial to him by whom they should be so applied, whether by the sheriff or by the defendant. But since the sheriff then had them in his possession, and might, by paying them over to her, put them beyond his reach or that of the court before he could prove the facts on which his right depended, the injunction was proper, simply as a means of securing the relief sought. In any event it could operate only for a time. It would be dissolved by a failure to make such proof or become *functus* upon compliance with the order that would follow the making of it. Had he paid these proceeds to her and no injunction been issued, would she not, upon the facts alleged in the bill, have been chargeable with them as trustee

for the complainant? Her need of solicitors, then, was to defend against the allegations of fraud and estoppel to prevent a decree declaring her judgment inoperative as against complainant and requiring her to pay over these proceeds to him if she had received them, which was neither occasioned nor enhanced by reason of the injunction.

As defendant in interest to a creditor's bill, to be most affected by the decree, it would have been no less necessary for her to have the whole case tried as it was tried and everything done that was properly done, had there been no injunction. The motion to dissolve it was premature and improper since it practically involved the whole case on the merits, which should not be determined upon *ex parte* proofs; and the action of the court, which, in effect, overruled it, was right. But while the trial was necessary to determine the right to the injunction, it was not the injunction that made the trial necessary.

Counsel seem to rely on the case of Darst v. Gale, 83 Ill. 136, where the court in commenting on the statute say: " This clearly covers all cases, as well where the injunction is but a part of, or incident to the principal relief sought, as where it is the sole object of the bill; and the damages to be assessed are such as have been sustained, without regard to whether the injunction was dissolved by an interlocutory order or motion for that purpose, or on final hearing." But the court expressly reaffirmed the rule so often declared, that " the proof should be confined to expenses incurred in consequence of the injunction, and it would be improper to include attorney's fees for services rendered about a branch of the case independent of the injunction;" and found that " the evidence showed, with reasonable approximation, what expenses (services) were rendered in consequence of the injunction, disconnecting that from the other branches of the case." We perceive nothing here in conflict with the rule as stated in Field v. Medenwald, 26 Ill. App. 643, that " costs and expenses, reasonable in amount, incurred for the object of obtaining a discharge of the injunction, are allowable as a part of the damages by reason of the injunction. But where counsel fees

and expenses are incurred in defeating the action, and the dissolution of the injunction is only incidental to the result, such fees and expenses are not allowed." We are of the opinion that the fees in this case were incurred in defeating the action, and the dissolution of the injunction necessarily followed as incidental to that result. In its decree the court simply dismissed the bill, without referring to the injunction. The rule and its application are well stated and illustrated in Moriarty v. Galt, 125 Ill. 421, which seems to us to be conclusive against the claim here in question.

The only damage sustained by reason of the injunction that we can discover from the record, was the delay in the payment to defendant on her execution, and that was compensated by the allowance of $58, to which no objection is made.

For the reasons indicated the decree as to the $100 for solicitor's fees will be reversed, and as to the rest affirmed. The costs of this court to be equally divided between the parties.

*Reversed in part and in part affirmed.*