## Mainard v. Webb, Sheriff, et al.

1. *Injunction—Allowance of Damages on Dissolution—Services of Counsel.*—Where the services of counsel are directed to the defeat of a bill in chancery upon the main question, and no service is required to obtain a dissolution of the injunction aside from the hearing on the merits, and when it is apparent that the services of counsel would be the same whether there was an injunction or not, the injunction being a mere incident and not the occasion for any special services of counsel apart from the general defense on the merits, it is improper to allow counsel fees as damages.

**Memorandum.**—Suit to enjoin the collection of a fee bill. Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed in part and reversed in part. Opinion filed October 17, 1892.

APPELLEES' STATEMENT OF THE CASE.

In the month of November, 1890, K. Mainard, the appellant, commenced suit before a justice of the peace against D. M. Patterson, to recover the value of a horse belonging to her, which she claimed was injured while in his pasture.

Patterson was not represented by an attorney before the justice of the peace and judgment was rendered against him for the value of the horse. Patterson took an appeal to the County Court of Moultrie County. At the January term, A. D. 1891, of the County Court, the case was tried. After hearing the case the jury returned a verdict in favor of the defendant, Patterson. Upon return of the verdict by the jury the appellant asked the court to set aside the verdict and grant her a new trial. Upon the argument of the motion

such facts were presented to the court as satisfied it that appellant should have a new trial, but that the cost of the case should be paid by her. Appellant applied for and obtained from one of the judges of the Circuit Court an injunction restraining the sheriff from collecting the cost from her.

R. M. PEADRO, solicitor for appellant.

JOHN R. & WALTER EDEN, and F. M. HARBAUGH, attorneys for appellees.

OPINION OF THE COURT, *the Hon. George W. Wall, Judge.*

This was a bill in chancery filed by appellant against the appellees, alleging that a certain judgment for cost had been erroneously and improperly entered against appellant by the clerk of the County Court, and that a fee bill therein had been issued by the said clerk and was then in the hands of the sheriff of the county for collection. The bill sought to set aside the judgment and a temporary injunction was granted to prevent the collection of the fee bill.

On the hearing of the case upon bill, answer, replication and proof the court found the issues for the defendants, dismissed the bill, and dissolved the injunction, and upon a suggestion of damages filed by the defendants assessed the sum of fifty dollars as damages for attorney's fees. The record is brought here by the appeal of the complainant in the bill.

Upon the principal question as to the merits of the case we find no occasion to disagree with the conclusion reached by the Circuit Court.

The charge in the bill that the judgment against the plaintiffs for cost was improperly entered by the clerk rested upon the assumed fact that the minutes of the judge did not warrant such an entry, or if so, that said minutes had been changed so as to show a judgment different from that orally announced by the court. We are satisfied that the minutes were not changed and that the judgment entered by the clerk is supported thereby. Indeed, the judgment as en-

tered is in the very words of the minutes, and if it is faulty in any respect it is in not being sufficiently elaborate.

Of this, however, in a court of equity no notice should be taken, and so far as the decree dismissing the bill is concerned the action of the court was perfectly proper.

As to the allowance of damages upon the dissolution of the injunction we think there was error. The injunction was granted for the purpose of staying the action of the sheriff until the main question could be determined, whether the judgment was properly entered.

There was no motion to dissolve before the hearing on the merits and the whole controversy was as to the propriety of the judgment.

The services of counsel for which the damages were allowed were directed to the defeat of the bill upon the main question; no service was required to obtain a dissolution of the injunction aside from the hearing on the merits, and in all respects it is apparent the services of counsel would have been precisely the same whether there was an injunction or not. The injunction was really a mere incident and was not of itself the occasion for any special services of counsel apart from the general defense on the merits. Under such circumstances the defendants were not entitled to an allowance for damages on that account. Blair v. Reading, 99 Ill. 600; Monartz v. Galt, 125 Ill. 417. Mackey v. Plumb, 36 Ill. App. 604.

It has been suggested that damages are allowable on the ground that the injunction was to prevent the enforcement of a judgment.

We do not so construe the statute, and are of the opinion that the judgment there intended is that recovered on account of liability established, and that it does not include or embrace the incidental recovery of costs allowed the successful party under the statute in reference to cost.

So much of the decree as dismissed the bill and dissolved the injunction will be affirmed. So much of it as allowed damages on the dissolution of the injunction will be reversed. The cost in this court will be equally divided. Affirmed in part, reversed in part. Cost divided.