## Frank A. Dunning v. Charles S. Young.

1. DAMAGES—*On Dissolution of an Injunction—Solicitor's Fees.*— The only damages that can be allowed on the dissolution of an injunction are such as result from an improper suing out of the same, and the allowance of solicitor's fees must be confined to services rendered on the motion to dissolve.

**Motion for Damages,** on dissolution of an injunction. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

### STATEMENT OF THE CASE.

This is an appeal from a decree of the Superior Court of Cook County, denying appellant an allowance of damages upon the dissolution of an injunction wrongfully sued out.

On May 15, 1896, appellee filed his bill of complaint setting up that the license to manufacture and sell patented lamp reflectors, procured by appellant from the owner of the patent, should have been for the joint benefit of appellee and appellant, but that appellant wrongfully took it to himself and claims sole ownership thereof. The bill asked that appellant be decreed to hold such license as trustee for them both; for an injunction restraining him from assigning or disposing of it, and for general relief. And called for an answer under oath.

On the 16th an injunction as prayed issued without notice to appellant.

On the 21st the sworn answer of appellant was filed denying that the license was, or should have been, taken for the joint benefit of appellee and himself, and claiming that appellee had no interest therein.

On the 23d appellant's motion to dissolve the injunction was called, and ordered placed on the contested motion calendar for the following Monday.

On the 25th this motion was heard on bill, answer and arguments, and was denied, and the cause set down for a hearing on the merits. Appellant excepted to the order of the court denying his motion, and prayed an appeal therefrom to this court, which prayer was also denied.

On the 29th, the cause being called for a hearing, appellant renewed his motion to dissolve the injunction upon his sworn answer.

The court again denied the motion, and directed the hearing proceeded with.

The only evidence offered on the hearing was the testimony of appellee, after hearing which the court ordered the injunction dissolved and gave appellant leave to file his suggestion of damages in ten days.

The suggestion of damages was filed and, thereafter, on June 15th, came on for a hearing and was disposed of, the court ruling that "the hearing of testimony on said suggestions of damages and on said motion (for an allowance of damages) would not be proper, as the subject-matter of said

motion was covered by the decision of the Appellate Court in Gooch v. Furman, 62 Ill. App. 340." The motion was denied, and the bill was dismissed.

BRECKENRIDGE & RASMUSSEN, attorneys for appellant.

JAMES H. TELLER, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The only damages that can be allowed on the dissolution of an injunction are such as result from an improper suing out of the same; and the allowance for solicitors' fees must be confined to service rendered on the motion to dissolve. Elder et al. v. Sabin et al., 66 Ill. 126; Lichtenstadt v. Fleisher, 24 Ill. App. 92; Weaver, Adm'r, v. Fries, 85 Ill. 349; Blair v. Reading et al., 99 Ill. 600; Moriarty v. Galt, 125 Ill. 417.

The allowance of fees rests, to a considerable degree, in the discretion of the chancellor before whom the litigation has proceeded, and the discrimination made by him, as it can best be, between the services rendered on the motion to dissolve and those which were for the trial of the case, is a matter which presents to a reviewing court a difficult question.

So, too, whether anything should be allowed on a motion to dissolve when no dissolution was had until after hearing, is a thing with which the chancellor before whom the proceedings were, has an opportunity for coming to a correct conclusion which an appellate tribunal does not possess. Lichtenstadt v. Fleisher, 24 Ill. App. 92.

In the present case the motion to dissolve was denied, and only after hearing upon the merits was the injunction dissolved.

The Superior Court refused to allow the claim for damages. We can not say that it erred in so doing.

From the knowledge the chancellor had of the proceedings, he seems to have concluded that damages ought not to

be allowed, and consequently stated that he would not hear evidence.

Unless upon the record we can say that appellant was entitled to damages, we can not find that it was error for the court to do as it did.

Perceiving no error, the order of the Superior Court is affirmed.