Caton, J. Triplett brought a suit against Scott in the name of Claneey, the record showing that it was for the use of Triplett. Without the knowledge or consent of Triplett, Scott paid the amount of the judgment to the nominal plaintiff, and took his receijjt therefor. Triplett then brought this suit upon that judgment in his own name, which the Circuit Court decided he could not maintain; and we think property. It is true that the payment by Scott to the nominal plaintiff was made in his own wrong, and, it may be admitted, did not satisfy the judgment. Still the legal title to the judgment remained in the nominal plaintiff, and Triplett could no more recover in his own name in a suit upon that judgment, than he could have sued in his own name upon the note upon which the first suit was brought. That note was payable to Claneey, and was transferred to Triplett without endorsement. Hence, Triplett had to sue upon that note in the name of Claneey because the legal title still remained in him, although the equitable title had passed to Triplett. The legal and equ^bty.titles to the judgment were the same as they had been to the note,- and .Triplett was under the necessity of enforcing his rjghts^n.the same way,-that is, by the use of the name of Clancey, the’trustee. The receipt of Claneey for the amount of the judgment could present no more impediment to the recovery in his name upon the judgment, than a receipt given by him for the amount due on the note, would have defeated a recovery on the note. Thejudgment is affirmed with costs. Judgment affirmed.