## DENNIS BEACH *et al.*

*v.*

## GEORGE C. BESTOR *et al.*

· 47  521
| 71a 161,

1. JUDGMENT—*assignment.* Where a person holding a judgment against another, assigns it to two persons, upon the agreement that when collected they shall retain a certain portion to which they are entitled, pay another portion to creditors of the plaintiff in the judgment, the creditors, and amounts to be paid to them, being specified, and the balance to be paid to him, for which he took their notes : *Held,* that such a transaction is not governed by the law regulating general assignments, which prevents the person making an assignment from retaining any of the proceeds of the effects assigned, to the exclusion of creditors, and that it is not fraudulent as to creditors who are not named in the arrangement.

2. Such an arrangement is a sale, and must be governed by the law applicable to sales of choses in action. A person has the right, it seems, to sell a note or chose in action on similar terms, and it will be upheld by the law. Such a sale does not purport to be a general assignment, and will not be so treated. Nor could it alter the rights of the parties, if it appeared that the plaintiff in the judgment was insolvent, and had no other means by which to pay his other creditors.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This case was originally heard at the September term, 1867, and is reported in 45 Ill. 341. It comes before the court at this term upon a re-hearing.

Messrs. ARRINGTON & DENT, for the plaintiffs in error.

Mr. W. T. BURGESS, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that George C. Bestor filed a bill in chancery against plaintiff in error and others, for the purpose of reaching

522 BEACH *et al. v.* BESTOR *et al.* [Sept. T.,

Opinion of the Court.

a fund in the hands of a receiver, and out of which to satisfy a judgment at law which he had obtained against Richard P. Morgan. A number of creditors came in and filed bills to be permitted to participate in the fund, upon the ground that the assignment by Morgan, of the claim out of which the fund was produced, was fraudulent as to Morgan's creditors. The case was decided, so far as it related to Bestor's claim, at the September term, 1867, (45 Ill. 341,) but the cross errors were not then disposed of, as the abstract did not, as we supposed, present the questions raised by the cross errors, and we from thence inferred that they were not relied upon, and were overlooked. But, on a petition for a re-hearing, for the purpose of a full understanding of this branch of the case, it was ordered, and we have looked carefully into the record and now present the conclusions at which we have arrived on the questions raised by the cross errors.

It appears, from the record, that Morgan had recovered a judgment at the October term, 1858, in the United States Circuit Court for the Northern District of Illinois, against the Peoria & Oquawka Railroad Company, for the sum of $50,000. A previous trial was had in the case, and a new trial was granted, which resulted in this judgment.

On the eleventh day of November, 1858, Morgan assigned the judgment to Beach and Peckham, by an instrument of that date, absolute in terms, but when collected it was to be distributed to various creditors of Morgan, in sums specified, and Peckham was to receive a certain sum, and the remainder was to be applied to the payment of the Beach and Peckham notes, given to Morgan as a part of the consideration for the assignment. Beach and Peckham gave to Morgan an instrument in writing which bound them to make the distribution as was then agreed between the parties, and gave their notes for the balance. The judgments held by King, Sharps, Allen, and Perkins, the intervening creditors, against Morgan, although previously recovered, were not embraced in the agreement for

a distribution entered into when the assignment was made. On the final hearing, the court below dismissed their petitions, and the cross errors questions the correctness of that decree.

It is urged that, as the assignment of the judgment, the notes executed to Morgan, and the agreement for distribution of the proceeds, all constituted but a part of the same transaction, that the reservation of a portion of the fund to Morgan, the assignor, rendered the assignment void as to creditors, and entitle these creditors to have it set aside, and to be permitted to participate in the fund. The authorities all go the length, that when a debtor makes a general assignment of his property and effects for the benefit of creditors, a reservation of any portion of the fund, to the exclusion of the creditors, renders the assignment void, and creditors may have it set aside and annulled. But a provision that any portion of the fund which shall remain after all debts are paid, shall be refunded by the assignee, does not have that effect.

The question then presents itself, whether this was an assignment of that character, and must be governed by those rules, or whether it falls within other rules, and is to be governed by different principles. All transfers and assignments of commercial paper are outside of the rule governing general assignments for the benefit of creditors. And the same is true in reference to most, if not all, assignments of judgments, contracts and agreements, not negotiable under the law merchant, or our statute. So far as our researches have gone, we have not been able to find that the doctrine governing general assignments has been applied to the assignment of a chose in action. As a general rule, a person may transfer a chose in action, and stipulate for the payment of the price agreed to be given, either in whole or in part to his creditors, without rendering the transaction fraudulent, as to creditors. This is certainly true of negotiable paper, and we have never heard it questioned, that a debtor may assign an over-due note or bill in payment of his debt, with an agreement that any

surplus which remains after it is collected, shall be paid to him by the creditor, although he may be insolvent, and largely indebted to other persons. It is believed that the books afford no adjudged case that holds that such a transaction is a fraud upon creditors.

A transaction of this kind is not analogous to a general assignment, and it is not governed by the same principles. They do not purport to transfer all of the debtor's property for the benefit of creditors, but to simply sell a chose in action, and to provide for the manner in which it shall be paid for by the purchaser. The debtor has the undoubted right to sell a judgment for money, property, choses in action, or in payment of a debt due to the purchaser, or even on credit. Then why not his interest in a judgment to persons having also an interest in it, and receive their notes for a portion of his share, and their obligation to pay out of the proceeds, when collected, the balance of his share to creditors, a portion of them attorneys, who assisted him to recover the judgment, and others, in earning the money for which the judgment was obtained? Such claims are certainly equitable. A single transaction like this cannot be brought within the rule contended for by defendants in error.

It does not follow, that because papers had to be made to evidence the contract, which declare that the judgment is assigned, it must be governed by the law of general assignments. This was a sale evidenced by an equitable transfer or assignment, and must be governed by the rules applicable to such sales.

Even if it be true that Morgan was insolvent, and had no other property or effects out of which to pay his debts, we are unable to see that it alters the character of the transaction, or the rights of the parties. If an insolvent debtor held a note, he could, undeniably, sell it on a credit, although overdue, and provide that the proceeds, when collected, should be applied to pay a particular creditor, and to have the balance paid to

him, although he might have no other property or effects. And, in such a case, after the agreement had been executed and the money paid to such creditor, other creditors could not compel the trustee to pay the amount thus received on their debts. Nor could they prevent him from paying such creditor according to the agreement of the parties. Such a creditor would have an equitable lien that would not be defeated if the transaction and his claim were *bona fide;* and, inasmuch as Morgan sold the notes, and they have been taken up by Beach and Peckham, there are no funds in their hands liable to be reached by the petition of the creditors who have assigned cross errors on this record. And we do not perceive that the court below erred in dismissing these creditors' bills, and the decree must be affirmed.

*Decree affirmed.*