DANIEL L. GOLD

*v.*

JOSEPH S. JOHNSON.

1. DISSOLUTION OF INJUNCTION—*in what manner effected—striking cause from the docket.* A suit restraining by injunction the collection of a judgment, was commenced and the writ served in June or July of 1857. The

case was continued, from term to term, until the September term of 1862, when the following order was made: "Ordered that this cause go off the docket." On the 14th of March, 1867, execution issued upon the judgment and was levied on property of the debtor, and a sale thereof made on the 13th of April following: *Held,* the order striking the case from the docket, acquiesced in, and no attempt made to reinstate the case, was a virtual dissolution of the injunction.

2. LEVY UPON REALTY—*whether a satisfaction.* A levy of an execution on real estate of value sufficient to satisfy it, does not, like a levy on personal property, operate while the levy is undisposed of as such a satisfaction of the judgment as would be a bar to any attempt to enforce the collection of the judgment in any other way. The fact that such a levy has been made, does not affect the validity of the purchaser's title to other lands of the debtor, sold under an execution subsequently issued.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. R. S. CANBY, Judge, presiding.

This was an action of ejectment, brought by Gold against Johnson, to recover certain premises. A trial by jury resulted in a verdict for the defendant. A new trial being awarded, the defendant again recovered a verdict, upon which the court entered judgment. The plaintiff brings the record to this court.

Mr. J. G. BOWMAN and Mr. B. B. SMITH, for the plaintiff in error.

Mr. A. SHAW and Mr. W. B. COOPER, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Objections were taken to the validity of the plaintiff's title in this case, derived under a sheriff's sale on execution, that the collection of the judgment on which the execution issued, was enjoined when the sale was made, and that a prior execution had been levied on real estate, which levy still subsisted.

It is sufficient to say of the first objection, that we do not find it to be founded in fact.

The writ of injunction was served in June or July of 1857, the injunction suit was continued from term to term, until the September term, 1862, when the following order was made: " Ordered that this cause go off the docket."

The execution under which the sale was made, was issued on the 14th day of March, 1867, and sale made on the 13th of April following.

The order striking the case from the docket, acquiesced in as it was by the complainant, with no attempt to reinstate the case, was a virtual dissolution of the injunction.

As to the second objection, a levy of an execution on real estate of value sufficient to satisfy it, does not, like a levy on personal property, operate while the levy is undisposed of as such a satisfaction of the judgment, as would be a bar to any attempt to enforce the collection of the judgment in any other way. *Gregory et al.* v. *Stark et al.* 3 Scam. 611. The circumstance, that a prior execution had been levied on other real estate, does not affect the validity of the plaintiff's title.

The first, third and fourth instructions, asked by the plaintiff and refused by the court, asserted the views here expressed.

The first and third instructions given for the defendant, were in denial of them.

In the refusing and giving of these instructions, there was error.

The alleged variances and omissions in the judgment, execution, and sheriff's deed, urged by the defendant in error, are immaterial.

The judgment is reversed and the cause remanded.

*Judgment reversed.*