MICHAEL MORIARTY, IMPL'D WITH, ETC.,

v.

THOMAS A. GALT.

*Injunction—Dissolution—Suggestion of Damages—Counsel Fees—Judgment—Whether a Lien on Certain Premises.*

Upon a bill filed by the grantee of a judgment creditor, praying that the judgment might be declared to be no lien on the premises conveyed to the complainant, that a levy thereunder be declared void and that the Sheriff be enjoined from selling under said levy, in proceedings on the defendant's suggestion of damages, after the dissolution of the injunction granted. it is *held:* That the bill does not seek to enjoin the judgment; that the vital question presented by the bill was whether the premises in question were subject to the lien of the judgment; that this question could have been presented without using the writ of injunction; and that the defendant sustained no damages by reason of the injunction while the title was in litigation, counsel fees being incurred in defeating the action.

[Opinion filed June 9, 1887.]

APPEAL from the Circuit Court of Whiteside County; the Hon. WILLIAM BROWN, Judge, presiding.

This was a bill in chancery filed by appellee against Thomas S. Beach as Sheriff and Michael Moriarty. The bill alleges that Michael Moriarty obtained a judgment against William Mooney at the June term, 1878, of the Whiteside Circuit

Court, and that he caused an execution to issue thereon July 1, 1878, which was returned by the Sheriff of said county with the indorsement "no property found;" that on February 23, 1883, Moriarty caused an alias execution to issue on said judgment and placed the same in the hands of Thomas S. Beach as Sheriff of Whiteside County; that on the 19th day of April, 1883, said Sheriff, in pursuance of the statute, set apart to said William Mooney as his homestead the west 55 feet of lot 1 in block 44, west of Broadway, in the City of Sterling in said county, and levied said execution upon the 40 feet of said lot 1 next east of the said west 55 feet, and had advertised the same for sale on the 11th day of May, 1883; that William Mooney purchased said lot 1 in 1855, and that he was the head of a family and as such had occupied it as his homestead from the date of its purchase to the present time; that one Richard L. Mangan had recovered a judgment against said Mooney and had, in pursuance of the statute, caused to be set apart to said Mooney as his homestead the west 95 feet of said lot 1, and subjected the balance of said lot to the payment of his said judgment; that on April 12, 1883, said Mooney and wife sold and conveyed by warranty deed to the complainant said 95 feet of lot 1 as aforesaid; that he became vested with the title to said 95 feet of lot 1 under said deed of Mooney and wife to him; that said 95 feet was set apart to said Mooney under the Mangan judgment and execution, as his homestead, and the interest of said Mooney has never been disturbed until after complainant became the *bona fide* purchaser and owner. That if sale is made on said execution it will place a cloud on his title. He prays that the judgment of Moriarty may be declared no lien on said premises; that the levy of the execution be declared void and of none effect as against his title to the said premises, and that the said Sheriff and all acting by, through or under him, may be respectively enjoined from selling said premises under said execution, or in any way interfering with the possession or title of complainant to said premises.

Temporary injunction granted; separate answers filed; replications thereto; motion to dissolve injunction; cause heard

Moriarty v. Galt.

on bill, answers and replications and stipulations; relief prayed for, granted; appeal by consent to the Appellate Court of First District; decree affirmed; appeal to the Supreme Court; decree of Appellate and Circuit Court reversed and cause remanded, the court holding that the Circuit Court erred in perpetually enjoining the sale of that part of the lot not set apart to the debtor as his homestead, and holding that it was liable to levy and sale as against the complainant; motion to dissolve the injunction in accordance with said opinion and mandate of the Appellate Court, 112 Ill. 373. The court orders that the "injunction heretofore ordered in this case is dissolved and defendants file their suggestion of damages;" sustained by reason of the injunction herein. The master in chancery is ordered to take the evidence and report on the suggestion of damages. The master reports damages to the amount of $400 for counsel fees and expenses in the prosecution of the appeals, and solicitors' fees on the several hearings. Exceptions were filed to said report before the master, and by him overruled; cause heard by the court on the suggestion of damages, together with the report of the master in chancery, and the evidence by him taken in reference thereto, and reported, and the exceptions of complainant to said report. The court found and decreed said exceptions be sustained, and that said Moriarty is not entitled, under the proof taken and reported by the master, to any damages by reason of said injunction; bill dismissed at costs of complainant, to so much of the decree as finds that said exceptions be sustained, and that Moriarty is not entitled to any damages by reason of said injunction. Moriarty excepts and prays an appeal, which is as follows:

ASSIGNMENT OF ERRORS.

1st. "The court erred in sustaining the exceptions to the master's report finding the amount that should be allowed by the court to the defendant for his damages sustained in litigating the said injunction cause."

2d. "The court erred in finding and decreeing that Moriarty was not entitled to any damages by reason of said injunction."

Messrs. J. & J. DINSMORE, for appellant.

Messrs. MANAHAN & WARD, for appellee.

*Per Curiam.* The exceptions of counsel for the appellee to the master's report, are substantially based upon two propositions: 1st. That this being an injunction against the collection of a judgment, the statutory maximum of ten per cent. damages can not be exceeded. 2d. That the damages alleged and attempted to be proved and reported by the master are solely in reference to legal services rendered in defense of the suit, and not damages occasioned by the injunction.

It is contended by counsel for the appellant that this was not a bill to enjoin a judgment. Sec. 7, Chap. 69, R. S.: "Only so much of any judgment at law shall be enjoined as the complainant shall show himself not bound to pay; and so much as shall be sufficient to cover costs." Section 8: "Before an injunction shall issue to enjoin a judgment, the complainant shall give bond to the plaintiff therein, in double the amount of such judgment with sufficient surety approved. * * * Conditioned for the payment of all moneys and costs due the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved. If the injunction is dissolved in the whole or part, the complainant shall pay, exclusive of legal interest and costs, such damages as the court shall award, not exceeding ten per cent. on such part as may be relieved from the injunction." Sec. 12, Chap. 69: "In all cases where an injunction is dissolved by any court of chancery in this State, the court, after dissolving the injunction and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting in writing the nature and amount thereof, the court shall hear evidence and assess such damages as the nature of the case may require and to equity appertain," etc.

The judgment in this case was not against the complainant. The bill does not seek to enjoin the judgment. The granting to the complainant of all the relief prayed for would not prevent Moriarty from collecting his judgment against Mooney.

The levy of the execution in this case did not operate while the levy was undisposed of as such a satisfaction of the judgment as would be a bar to any attempt to enforce the collection of the judgment in any other way. Nor did the injunction in this case affect the judgment, or operate as a bar to its enforcement except as to the sale of the property levied on. The plaintiff in the execution was not debarred from enforcing the collection out of any other property or in any other manner. Gold v. Johnson, 59 Ill. 62; Herrick v. Swartwout, 72 Ill. 340. The lien upon real estate situated in the county where the judgment is rendered, is given by the judgment. and not as in personal property where it is given by the issue and delivery of an execution to the proper officer for its collection. Our attention has been directed by counsel for appellee to Roberts v. Fahs, 36 Ill. 268; Camp v. Bryan, 84 Ill. 250, We have carefully examined and considered these cases. The defendants in error in the case of Roberts v. Fahs et al., *supra*, recovered a judgment against the Ohio and Mississippi Railroad Company at the September term, 1858, of the Edwards Circuit Court; an execution was subsequently issued upon the judgment directed to the Sheriff of Richland County and levied upon a large quantity of cord wood designed by the company to be used as fuel, and likewise upon some other property. An injunction was granted ¬pon a bill filed by the trustees of the road restraining the Sheriff from selling the property. Whilst in the opinion delivered in that case there are some unguarded expressions such as "The judgment enjoins," yet when that case was again before the Supreme Court, 54 Ill. 134, Lawrence, C. J., says: "It was not the judgment which was enjoined under the original bill; if that had been done it would have relieved all errors in the judgment, and there would have been no ground of reversing it, as was subsequently done. It was the sale of certain property which was forbidden by the court, on grounds entirely independent of the validity of the judgment." In the case of Camp v. Bryan, *supra*, Justice Dickey says: " The bill charges a fraudulent conspiracy to use, to the detriment of appellant, a paper called an indemnity, which it seems from the record was

never executed and delivered by appellant; of all which the bill says the alleged conspirators had notice. If this be true, appellant has a right in equity to have that document and the judgment upon it adjudged null and void." This authority has no application to the case at bar. We are of the opinion, as said by Lawrence, C. J., *supra:* "It was not the judgment that was enjoined; it was the sale of certain property which was forbidden."

The enforcement of the judgment was not necessarily suspended as to any other property by the injunction; the judgment was not attacked by the bill nor its validity questioned. The bill denied that it was a lien upon the premises sought to be sold and asked that the sale thereof be suspended until that question could be determined.

The second exception of counsel for appellee to master's report was based on the claim that said report shows that the damages sustained were for legal services rendered in defense of the suit, and not for services rendered on the dissolution of the injunction. It is insisted by counsel for the appellant that this bill was an injunction bill, nothing more; and hence, there could be no services rendered by counsel save those services in and about getting rid of the injunction. The issue presented by the bill of the appellee was that the judgment of Moriarty was no *lien* upon the premises conveyed to the appellee by Mooney and wife, and that the levy of the execution thereon was void and of none effect. The prayer was that the judgment might be declared to be no. *lien* and that the levy be declared void and of none effect and that the Sheriff be enjoined from selling. The real and vital question presented by the bill for the determination of the court, was whether the premises conveyed by Mooney and wife to the appellee subject to or free from any *lien* of the Moriarty judgment against Mooney.

This question could have been presented and determined without using the writ of injunction, and its use was only auxiliary to the main question; the original injunction might have been denied and yet the court retained the bill, and on final hearing have held that the judgment was no lien.

It was said by Justice Sheldon in Wilson v. Hæcker, 85 Ill.

349: "But we do not consider this a case for damages. It is not perceived what damage appellee would suffer from being restrained from selling or incumbering the land while the title was in litigation."

So in the case at bar we can not perceive what damage appellant would suffer from being restrained from selling this property while the title was in litigation.

In Blair v. Reading, 99 Ill. 600, 615, Justice Mulkey says: " The only element of damages which entered into the allowance made by the court, was for solicitor's fees; the whole amount in controversy did not exceed a fraction over $2,400, and the court asses ed the damages at $600. The propriety of suing out the injunction was never called up or considered by the court until the case was finally considered upon its merits. * * * In short, we are of opinion the expenses incurred on account of solicitor's fees in the preparation of the case for hearing would, under the circumstances of this case have been substantially the same as if no injunction had been sued out at all." The whole amount in controversy in case at bar did not exceed a fraction over $600, yet the master reports the amount of damages at $400, and the claim made was in excess of that amount. The propriety of suing out the injunction was not called up or considered by the court until it was finally considered upon its merits.

In Gerard v. Gateau, 15 Ill. App. 520, 530, Justice Bailey says: " The rule undoubtedly is, that the costs and expenses, reasonable in amount, incurred in the s'ngle object of obtaining a discharge of the injunction, are allowable as part of the damages sustained by reason of the injunction. But when counsel fees and expenses are incurred in defeating the action, and the dissolution of the injunction is only incidental to the result, such fees and expenses are not allowable." Citing 2 Sutherland on Damages, 65, 68. In this case we are of the opinion that all of the counsel fees were incurred in defeating the action, and that the court committed no error in sustaining the exceptions to the master's report allowing damages, nor in its decree finding that the appellant was not entitled, under the proof, to any damages by reason of said injunction.

*Decree affirmed.*