# ANHEUSER-BUSCH BREWING ASSOCIATION
## v.
# RUDOLPH HUTMACHER.

*Master and Servant—Recovery for Services—Evidence—Telegrams—
Whether Originals—Continuance—Instructions.*

1.   Where telegrams are sent by an employer to his servant directing
him as to the performance of his duties, the copies thereof delivered from
the receiving office must be considered originals.

2.   In an action to recover wages, evidence as to the solvency of the par-
ties and as to the cost of processes employed in the business not connected
with the contract of service, is inadmissible.

3.   In an action brought to recover for services rendered in putting up
and buying ice, this court declines to interfere with the verdict for plaintiff.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of Adams County; the Hon.
WILLIAM MARSH, Judge, presiding.

Mr. GEORGE W. FOGG, for appellant.

The Circuit Court erred in refusing to continue said cause
on account of the absence of Gustav Hausman, Henry Jacob
and George Krug, or to require appellee to admit the affidavit
of their testimony.   The affidavit of Mr. John H. Fuchs for
continuance, as to them, is in all respects within the require-
ments of the statute, and the cause should have been continued
or the affidavits admitted.   R. S. 1874, 780; Sherman v. The
People, 69 Ill. 55; Switzer v. Littenville, 4 Ill. App. 219, and
Sprague v. Heaps, 7 Ill. App. 447.

If a telegraphic dispatch is sought to be introduced in evi-
dence, the original must be produced and its execution proved
precisely as any other instrument, or its loss or destruction
shown, and then a copy must be proved to be a true and com-
pared copy before its admission.   Mattison v. Noyes, 25 Ill.
591; Williams v. Brickell, 37 Miss. 682; 75 Am. Dec. 88;
Oregon Steamship Co. v. Otis, 14 Abb. (N. C.) 388, 394, with

note and cases there collected on this question, and N. Y. & W. P. Tel. Co. v. Dryburg, 35 Pa. State, 298, and the same case in 78 Am. Dec. 338.

Messrs. CARTER & GOVERT, for appellee.

A greater degree of diligence and a stronger showing will be required on the second application for a continuance than on the first. Shook v. Thompson, 21 Ill. 87; Birks v. Houston, 63 Ill. 77.

Continuance will be refused where witnesses have not been subpœnaed, or subpœnaed in apt time, or where affidavit does not show effort to get depositions. Coffey v. Fosselman, 72 Ill. 69; Richards Iron Works v. Glennon, 71 Ill. 11; Cook v. Norwood, 106 Ill. 558.

The statement in the affidavit for continuance, that "this defendant fully expected and intended to try this cause at this term of this court and to have all its said witnesses present to testify on the hearing thereof" substantially states all the diligence shown by appellant in that behalf.

The telegraph company is the agent of the sender and the telegram as received at the end of the line is the original and primary evidence. Durkee v. Vermont, etc., 29 Vt. 140; Morgan v. People, 59 Ill. 62; W. U. Tel. Co. v. Harris, 19 Ill. App. 354; Savelend v. Green, 40 Wis. 431; Redfield on Carriers, 400.

CONGER, J. This was an action in assumpsit to recover for services in putting up and buying ice. Appellee recovered a verdict, and judgment for $1,640.

The evidence is quite voluminous, and somewhat contradictory as to the character and value of appellee's services, but, after carefully reviewing it all, we see no good reason for interfering with the conclusion reached by the jury.

Neither do we think there was error in the court refusing the continuance asked. It would serve no good purpose to recite at length the facts and circumstances upon which the application was based. We have carefully considered them all, and are of opinion that the Circuit Court properly exercised its discretion in refusing the continuance.

A number of telegrams from appellant or its agents to appellee were introduced in evidence. Appellee testified that they were the original messages that he received in due course of business from the telegraph office in Quincy, and they were giving him directions how to proceed with appellant's business. There was no error in this. Under such circumstances the copy received from the receiving office is the original.

" Where the party sending a message is the responsible party, and sends a message for the purpose of giving directions to be acted upon, then the message delivered at the end of the line is the original." Redfield on Carriers, 400; Morgan v. The People, 59 Ill. 62; Scott & Jarnigan on Telegraphs, Sec. 340.

There was no error in refusing to allow the question of the solvency of the respective parties to the suit to be entered into. Such a question would throw no light upon the issue being tried by the jury, nor would there have been any propriety in entering into the cost of putting up the ice.

Appellee was claiming to recover upon an express contract and not upon a *quantum meruit.* The contents of the Spraule letter might have been shown by appellant at the proper time, but the action of the court in refusing to permit the question to be asked upon cross-examination was proper.

We think there was no error in the action of the court, either upon the questions of instructions or refusing a new trial.

The principal question was one of fact, as to the amount of compensation appellee was entitled to recover, and whether he had not already received for his services all that was due him. The compensation allowed by the jury was liberal, but was fully authorized by the testimony of appellee and his witness.

After a careful examination of the record we can see no good reason for interfering with the action of the court below, and therefore the judgment will be affirmed.

*Judgment affirmed.*