## Rudolph Hutmacher, for use of Cora Brinton, Adm'x, et al., v. The Anheuser-Busch Brewing Association et al.

1. FRAUD—*When Presumed in an Assignment*—While a provision in an assignment by an insolvent for the benefit of creditors, for the payment of a debt for which the assignor is not liable, raises a presumption of fraud, it is not conclusive, but will be rebutted by proof that the supposed debt had in fact no existence.

2. SAME—*In Assignments for Benefit of Particular Creditors.*—If it be the law that fraud in fact may be inferred where an insolvent debtor makes an assignment for the benefit of particular creditors, of property of greater value than the parties could have reasonably supposed was sufficient to satisfy the claims, although it turns out that there is no surplus in fact, it must appear that there was not only a reasonable probability but also an actual contemplation and expectation of a surplus.

3. STATUTE OF FRAUDS—*Intention Without Injury.*—A naked intent, which does not and can not defraud, is not within the statute.

4. TRUSTEES—*May Incur Expense in Execution of Trust.*—It is not only the right but the duty of a trustee to incur whatever reasonable expense is necessary to defend or execute a trust whether expressly authorized by the deed creating it or not; such expense is properly chargeable upon the trust fund; and under this rule the payment of attorneys' fees to any attorney, other than the trustee himself, who renders services is proper.

5. JUDGMENTS—*Nominal Plaintiff Can Not Receive Satisfaction of.*—The nominal plaintiff in a suit brought for the use of another can not receive satisfaction of the judgment, although the legal interest is in his name, and a payment to him is not a satisfaction of the debt.

6. GARNISHMENT—*When it May be Maintained.*—After a judgment is obtained in the name of one person for the use of another the judgment debtor can not be garnisheed by creditors of the nominal plaintiff.

7. SAME—*Creditor has no Greater Right than His Debtor.*—In gar-

nishment proceedings the garnisheeing creditor has no greater right to recover of the person garnisheed than the execution debtor in whose name the suit is brought, and can not recover if he could not.

Garnishment.—Error to the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed June 16, 1897.

GEORGE W. FOGG, attorney for plaintiffs in error.

GOVERT & PAPE, attorneys for defendants in error.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

On the 11th of March, 1887, Hutmacher executed to Vandenboom an assignment, of which the following is a copy:

" In consideration of $1 to me in hand paid, the receipt of which is hereby acknowledged I hereby sell, assign and set over to Joseph H. Vandenboom a certain claim and account against The Anheuser-Busch Brewing Association of St. Louis, Missouri, amounting to $2,092.60 and upward, owing to me by said association, and for the further consideration that when said account or any part of the same against said association is collected, it is to be applied as follows: 1. In payment of all costs and expenses of collection of said claim and account, including reasonable attorney fees; 2. It is to be applied to the payment of the claims and accounts of Moeller & Vandenboom against me, or my wife, or against both or each of us; and in the payment of a certain judgment of William H. Govert against me in the Adams County Court, for the sum of $273.14 and interest and costs, and two certain promissory notes of mine to Theodore Herr, amounting in the aggregate to $471.90, besides interest thereon; provided, if there be not sufficient amount collected from the said association on said claim and account, after payment of all costs and expenses and attorney's fees, the said amount so collected, after such payment of costs, expenses and attorney's fees is to be applied pro rata in payment of said demands of said Moeller &

Vandenboom, Govert and Herr, pro rata, according to their respective demands.   Said Vandenboom is not to pay any attorney fees except out of proceeds of collection as aforesaid.   Dated this 11th day of March, A. D. 1887.   R. Hutmacher.   (Seal)."

The claim referred to, which was for a balance on an unsettled account for building an ice house, filling it with ice, moneys paid out for it and services rendered while acting as superintendent of the work, had been standing for several years, wholly disputed by the brewing association on the ground that every dollar it ever owed him had been fully paid.   The creditors named were pressing him for payment.   Excepting this claim, he had no means of making it, and was unable to prosecute that, but was willing to apply it as he did.   After considering the situation they concluded to take the chances, and upon the execution of the assignment, an action was brought against the association in the name of Hutmacher for the use of Vandenboom, in which, after two obstinately contested jury trials—one upon an issue of fact on a plea in abatement and the other on the merits—on the 21st of December, 1887, judgment was given for the plaintiff for $1,640.   That judgment, on successive appeals by the defendant, was affirmed by the Appellate Court (29 Ill. App. 316) and by the Supreme Court in an opinion filed April 5, 1889 (127 Ill. 652); and on June 7, 1889, was paid in full to the attorneys of Vandenboom.

It appears that on February 3 and November 22, 1886, and March 26, 1888, judgments were rendered against Hutmacher in favor of William P. Brinton, John H. Fitzgerald, and Charles H. Chase, respectively, for sums amounting in all to $1,575.31, on which executions were issued and returned no property found, and which are still wholly unsatisfied.   These judgment creditors are all deceased, and their personal representatives, by the garnishee proceedings herein against the Brewing Association, seek to obtain satisfaction out of its indebtedness to their common debtor.

In two cases the summons was served on the garnishee about a month before it paid the judgment to Vandenboom, but after the opinion of the Supreme Court affirming it was filed, and the other on the day of that payment, but whether before or after its actual payment does not appear. Like interrogatories were filed in each and like issues made thereon. The garnishee's answer in the broadest terms denied that when the summons was served, or at any time since, it had in its possession or under its control any lands, chattels or effects of Hutmacher, or was in any manner indebted to him in any amount whatever, disclosed the facts of his claim and its assignment to Vandenboom, which was set out in *haec verba*, and averred that it had notice thereof when the suit was brought on said claim by the fact that it was brought in the name of Hutmacher for the use of Vandenboom, and that judgment had been recovered therein and paid in full as above stated. To which plaintiffs replied that the garnishee by its answer had not truly discovered, etc., and averred that the alleged assignment was made by Hutmacher with intent to defraud, hinder, delay and disturb the garnishors and others, creditors of him the said Hutmacher, and was and is utterly void—concluding with a verification.

The three cases were consolidated, and their trial together resulted, December 6, 1890, in a verdict for the defendant. Motions by plaintiffs for judgment, notwithstanding the verdict, and for a new trial, were overruled and judgment rendered for defendant for its costs. An appeal was prayed but never perfected, and the record is here on a writ of error sued out only a little before the expiration of the five years allowed therefor.

Many errors are alleged, but all that are of any importance in our estimation are based and depend entirely upon the contention that the assignment to Vandenboom was upon its face fraudulent in law.

There is no claim that the debts provided for, or intended to be, were not *bona fide* due to the creditors respectively named, nor any proof, unless it is in the instrument itself, that either of them had notice of any other owing by Hut-

macher, until these garnishee proceedings were commenced or in any way actually participated in any fraudulent intent, if any there was, on his part. He testified that there was none, and Vandenboom that there was none on his, and that he did not know of any on that of Hutmacher, or of any other debts he owed.

But it is said there are three provisions in the instrument which make it fraudulent in law: first, for the payment of the debt of his wife; second, of attorney's fees for the collection of the claim; and third, it attempted to assign, and in terms assigned, a claim three times as large as the aggregate amount of the debts it was to pay, which was in legal effect, as to the surplus, an assignment for the use and benefit of the assignor.

From the evidence it clearly appears that Moeller & Vandenboom were dealers in lumber, who had made sales of several parcels to Hutmacher, but when the assignment was prepared and executed at the office of counsel in the absence of their books, the amount due and other particulars were not precisely known, but it was found on their examination to be $125.53. It was also then supposed that some of it might have been used to repair some building on land of Mrs. Hutmacher; but it was all charged to her husband, and it does not appear that she ever ordered any or that any was so used. The inference is that it was not.

While a provision in an assignment by an insolvent for the benefit of creditors, for the payment of a debt for which the assignor is not liable, raises a presumption of fraud, there seems to be satisfactory authority for holding that it is not conclusive, but will be rebutted by proof that the supposed debt had, in fact, no existence. Boos v. Merriam, 29 N. W. Rep. 832; Crook v. Rindskopf, 105 N. Y. 476; Turner v. Jaycox, 40 Id. 470. If there was no such " claim or account " against the wife, the provision could not defraud any other creditor by any operation in law or fact, and a naked intent, which does not and can not defraud, is not within the statute.

We understand it to be not only the right but the duty

of a trustee to incur whatever reasonable expense is necessary to defend or execute the trust, whether expressly authorized by the deed creating it or not, and such expense is properly chargeable upon the trust fund. This includes attorney's fees to any, other than himself, who renders the services. A citation of authority on this point can hardly be necessary, but from the many in the brief, we take Burrill on Assignments (5th Ed.), Sec. 417; Bump on Fraudulent Conveyances (3d Ed.), 423-5; Hill v. Agnew, 12 Fed. Rep. 233. In this case the necessity for such services, costs and expenses was fully anticipated by the assignor and assignee. The Brewing Association absolutely refused to pay anything on account of the claim. Without the suit nothing would ever have been realized on it. The fees, costs and expenses charged were shown to be reasonable. They did not lessen any means of Hutmacher that would otherwise have been available to any creditor. In his hands the entire claim, however just, would have soon become barred by the statute of limitations, because he was unable to furnish security for the costs of prosecuting it.

The claim assigned was stated in the assignment "as amounting to $2,092.60 and upwards." In the declaration the *ad damnum*, which is usually much larger than is really claimed, was $2,500, and the items of the account filed with it footed up at $2,570, while the debts provided for amounted, exclusive of interest, to only $870.57; and the fraud alleged is in the reservation to the use and benefit of the assignor of this large excess of the amount of the claim over the amount of the debts to be paid out of it.

What was assigned, however, was not any certain sum of money, but only a claim, which was wholly unsecured, unliquidated, and disputed, and therefore only its net value to be ascertained and fixed by the judgment which should be recovered, and the reasonable fees, costs and expenses required for such recovery, which should be deducted. This was so ascertained to be less than the sum of the debts provided for. There was no excess or surplus, but on the contrary, a deficiency—the fees and expenses being about $800.

If it be the law, as some authorities seem to hold, that where an insolvent debtor makes an assignment for the benefit of particular creditors of property of greater value than the parties could have reasonably supposed was suffi-' cient to satisfy the claim, fraud in fact may be inferred from that circumstance alone, although it turns out that there is no surplus; we apprehend there must be not only a reasonable probability but also an actual contemplation and expectation of a surplus. Here the evidence shows there was no such expectation. The assignee doubted whether he could recover anything, and nobody looked for anything near the amount of the judgment. The claim, included interest on an unliquidated account and other items which they reasonably could not and in fact did not expect to recover, and the assignment itself, recognized the possibility, if not the probability, of a deficiency, by the provision for payment of the debts pro rata.

These points have been noticed but briefly in comparison with the elaborate argument made and the array of authorities cited as in their support, not only because we think them untenable, but also that for other reasons, not considered in that argument, this proceeding can not be maintained.

Notwithstanding the statute forbidding preferences in a general assignment for the benefit of creditors, a failing debtor may otherwise prefer and pay particular debts, as by transferring or applying property in good faith for that purpose directly to the creditors so preferred respectively. The assignment here in question is clearly not a general assignment under the statute. If it were, the trust should be administered under the direction of the County Court, and neither the assignor nor the assignee would be liable to garnishment at the suit of an omitted creditor. It was an application of specific property, in payment of specified debts. No doubt is thrown by the evidence upon the actual good faith of the parties to, or interested in the transaction. But the creditors were several, while the property assigned was in its nature such as could not be served or

apportioned to them respectively by the debtor directly. That condition should not deprive him of a right common to debtors generally, to pay with such means as they have that are acceptable to their creditors. The natural and proper way to make it available for the purpose in this case was to assign it to some one of them, to convert into money and apportion the proceeds.

In Beach v. Bestor, 47 Ill. 521, it was held that a transfer by an insolvent debtor of a chose in action to pay out of its proceeds several debts, is in general to be distinguished from an assignment or conveyance for that purpose of things in possession, with reference to the effect of a reservation or provision for the return of the surplus to the assignor, and that such a reservation or provision in such case does not make the assignment fraudulent as to other creditors.

Again, this proceeding is in the name of Hutmacher for the use of certain judgment creditors, to recover the amount of an alleged indebtedness to him of the Brewing Association. When the writs of summons herein were served upon it, that indebtedness was not due or owing to Hutmacher. Nearly two years before such service it had not only been assigned by him, with notice thereof to the association, but become merged in a judgment in favor of Vandenboom, his assignee. After all the means in its power had been used to prevent the recovery and afterward to reverse the judgment, it was affirmed by the court of last resort, and thereupon paid in full to the party appearing of record to be entitled to it. In making such payment it took no risk, but that of its ability to justify it; and that ability is conclusively shown by the record in this case. It was bound to make it to Vandenboom, and had no right, legal or equitable, to refuse it. Atkins v. Moore, 82 Ill. 240; Knight v. Griffey, 161 ld. 85. Payment to Hutmacher himself, its legal creditor, would not have satisfied the judgment. Vandenboom could then have brought suit upon it in the name of Hutmacher, for his use, as he did upon the claim. Triplett v. Scott, 12 Ill. 137. That form of the action was record

notice to the defendant of the right of the assignee, the real plaintiff, which courts of law will protect. After such notice the defendant can not be garnisheed for a debt due to the nominal plaintiff. Hobson v. McConnel, 1bid. 170. The reason is that the proceeding must be in the name of the assignor, and the garnishor standing in his shoes and in no better condition, therefore can not recover if he could not. Richardson v. Lester, 83 Ill. 55. And that he could not, against his own assignment to Vandenboom, admits of no doubt. The judgment below will be affirmed.