FRITZ HUMFELDT V. JOHN MOLES.

FILED JANUARY 8, 1902.    No. 10,885.

Injunction: INTERLOCUTORY ORDER: CONDITIONAL ORDER: REVIVOR: DISMISSAL: TERMINATION OF ACTION: SUIT ON BOND. When the plaintiff in an action in which an interlocutory order of injunction has been issued dies, and the time for revivor by a conditional order has elapsed, and no effort is made to revive the action in the name of the proper party as successor in interest, and the action is dismissed or stricken from the docket by the trial court, the order operates as a termination of the action and a suit on the injunction bond may thereafter be maintained.

ERROR from the district court for Jefferson county. Tried below before LETTON, J. *Affirmed.*

*Charles Clifton* and *W. H. Barnes,* for plaintiff in error.

*John Heasty* and *Robert Clapp, contra.*

HOLCOMB, J.

But one question is presented for decision, and that is whether there has been a final determination of a controversy, in which a temporary injunction was issued, so as to give rise to a cause of action on a supersedeas bond given to keep the injunction in force pending a final termination of the action. It appears that, in a controversy over the right to the possession of certain real estate, the plaintiff

in the action obtained an interlocutory order of injunction against the defendant, restraining him from molesting or in any way interfering with the possession of the plaintiff of the real estate involved in the controversy. After a hearing at chambers an order was entered dissolving the temporary injunction, and, to maintain the same in force notwithstanding the order of dissolution, the amount of a supersedeas bond was asked to be fixed, which was done, and a bond duly given and approved for the purpose of superseding the order of dissolution until the case could be finally heard in term time on the issues raised by the pleadings. Afterwards, and before a trial on the merits, the plaintiff died. No effort was made by any one of the parties interested, or by those who might make the application, to have the action revived in the name of the legal representatives or successors in interest, and after the lapse of more than a year after the death of the plaintiff the trial court entered the following order in said cause: "December 14, 1895. It being suggested to the court that the plaintiff in this action is dead, this cause is dismissed by the court and complete record waived." Thereafter suit was instituted on the supersedeas bond, given to hold the injunction in force, against the sureties thereon; and, after the issues were formed, a trial was had, resulting in a judgment in favor of the plaintiff in the action. The defendant sureties prosecute error, insisting that the petition and the evidence will not support a recovery, because the action in which the supersedeas bond was given has never been finally determined, and that it has never been finally adjudicated that the injunction was wrongfully issued.

It is urged that the order of the district court hereinbefore set forth operated only to strike the cause from the docket, and is not such a final disposition as will authorize a suit on the injunction bond. We regard it otherwise. The death of the plaintiff abated the action permanently, unless revived in the name of the proper parties by some of the modes prescribed by law. There has been no attempt whatever to have the action revived. It apparently has

33

been abandoned by those succeeding to the interest of the
deceased plaintiff, and the effect of the order is a dismissal
for want of prosecution by those entitled to succeed to the
rights and interest of the plaintiff. Whether the order be
regarded what its language imports, or as striking the
cause from the docket as provided by section 468 of the
Code, the effect, so far as the liability of the sureties on the
injunction bond is concerned, is the same. The order oper-
ates as a dissolution of the injunction, and a cause of ac-
tion accrues on the bond. *Gold v. Johnson,* 59 Ill., 62;
2 High, Injunctions [3d ed.], sec. 1476. It is, in all prob-
ability, now too late to revive the action either by an orig-
inal proceeding and the issuance of process, or by the sum-
mary method provided by statute on a conditional order,
and such was its condition at the time this action was be-
gun; and yet will it be contended that, conceding the action
has permanently abated by the death of the plaintiff, and
no steps taken to have it revived within the time recognized
by law or in equity, the obligee in the supersedeas bond is
without remedy for the damages sustained because the in-
junction was wrongfully sued out? The case, in principle,
is somewhat analogous to *Bell v. Walker,* 54 Nebr., 222,
arising on a supersedeas bond given for the purpose of an
appeal. In that case it is held: "The death of the prin-
cipal in a supersedeas bond while the cause is pending in
the appellate court does not release the surety from liabil-
ity, nor is he discharged by the failure to have the action
revived." Says Norval, J., writing the opinion: "It is
suggested that the surety was discharged by the failure of
Walker to have the action revived in the name of White's
representative. This argument is without merit. While
the former, had he so desired, might have had the action
revived, the law imposed no duty upon him to secure an
order of revivor to be entered." The defendant in the in-
junction suit had the right to expect the injunction action
would be prosecuted with due diligence, and a final deter-
mination reached without unnecessary delay. This was
contemplated in the giving of the supersedeas bond. He

was entitled to have it dismissed for want of prosecution, had the facts warranted; and this would be a final determination of the cause, and an adjudication that the injunction was wrongfully issued, as effectually as though it had been so decided in express terms, and an action would thereupon lie on the bond for the damages, if any, suffered. The action in which the injunction issued abated by the death of the plaintiff. It was the duty of those interested to have it revived in the name of the proper party in the manner provided by law. This has not been done, and some disposition must be made of the case. The abatement, for the reasons stated, having become permanent, the effect is to finally terminate the action in which the injunction was issued, and authorize a recovery, under the terms and conditions of the supersedeas bond, for whatever damages were sustained by the person for whose benefit it was given.

The judgment of the district court is

AFFIRMED.