JESSE W. SCOTT *et al.*

*v.*

THE AULTMAN COMPANY.

*Opinion filed October 24, 1904.*

1. FRAUDULENT CONVEYANCES—*when return of execution nulla bona is not essential to jurisdiction.* The issue of an execution and its return *nulla bona* are not essential to jurisdiction of the court to entertain a bill to remove an alleged fraudulent conveyance of land from out the way of an execution and subject the same to the lien of the judgment.

2. EVIDENCE—*what are not privileged communications.* Statements made by clients in the presence of third parties, or of the opposite party or his attorneys, are not of that confidential nature that the clients may insist shall not be disclosed by the attorneys.

3. CONTRACTS—*when validity of contract is immaterial.* In a proceeding by a judgment debtor to set aside a conveyance made in pursuance of a contract between the judgment creditor and his wife, the question whether the contract was against public policy, in that it provided, in part, for the entry of a decree of divorce, is immaterial.

4. JUDGMENTS AND DECREES—*levy of execution on land not a satisfaction of judgment.* The levy of an execution upon land of sufficient value to satisfy it does not operate, while the levy remains undisposed of, as such a satisfaction of the judgment as will bar an attempt to collect the judgment by other means.

5. SAME—*what does not affect force of judgment.* Where the title to land upon which an attachment is levied does not stand in the attachment debtor, a judgment creditor who has bid at the attachment sale may decline to perfect his bid, and in such case the attempted sale is not a satisfaction of the judgments or executions which precludes a further attempt to collect them.

6. COSTS—*when wife may be decreed to pay part of costs.* In a proceeding to remove a fraudulent conveyance from the way of

an execution it is not error to decree that the wife of the holder of the legal title shall be liable, with the other defendants, for the costs, where, although her interest, at most, was an inchoate right of dower, she voluntarily filed an answer denying the charges in the bill and appeared by counsel on the hearing and attempted to support her answer by proof.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

C. L. & C. E. SHELDON, for appellants.

G. A. STULTZ, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On October 17, 1888, C. Aultman & Co. recovered a judgment in the circuit court of Whiteside county against appellant Jesse W. Scott in the sum of $738.93 and costs. At the November term, 1901, of the same court, in an action in debt by C. Aultman & Co. for the use of the appellee company, judgment in the sum of $1233.99 was entered on the judgment of October 17, 1888, against said Scott. On November 29, 1901, the firm of Stultz & Woodburn recovered a judgment against Jesse W. Scott for $250 and costs, and on November 30, 1901, F. E. Andrews recovered a judgment against said Jesse W. Scott for $169.75 and costs. This was a bill in chancery filed by the appellee company, said Stultz & Woodburn and F. E. Andrews, said judgment creditors, against Jesse W. Scott, their judgment debtor, Charles P. Scott and Keturah Scott, his wife. The bill alleged that one Charlotte A. Scott had, without consideration and to defraud the creditors of said Jesse W. Scott, been invested by him with the title which he held to certain real estate in the county of Whiteside, more specifically described in the bill, and that she had received such title for the use and benefit of the judgment debtor, Jesse W. Scott, and that on the 25th day

of April, 1901, said Charlotte A. Scott, by agreement be-
tween herself and said Jesse W. Scott, conveyed the said
lands to one Wayne E. Scott, her son and the son of the
judgment debtor, without any consideration and for the pur-
pose of placing the title of the lands beyond the reach of the
said creditors of the said Jesse W. Scott; that on the 5th
day of October, 1901, said Wayne E. Scott, without consid-
eration and with like fraudulent intent, conveyed the land to
his brother, Charles P. Scott, son of the judgment debtor,
Jesse W. Scott. The prayer of the bill was that the said con-
veyances should be declared fraudulent and void as against
the rights and interests of the said judgment creditors, and
that the interest of the judgment debtor in the said land
should be declared subject to the lien of the said judgments.
The bill was answered, replications were filed to the answers
and the cause proceeded to a hearing, resulting in a decree
granting to the appellee company the relief prayed in the
bill and denying the prayer of the bill as to the said Stultz &
Woodburn and the said F. E. Andrews. The appellants pros-
ecuted an appeal to the Appellate Court for the Second Dis-
trict from so much of the decree as granted relief to the
appellee company, and from an adverse judgment in that
court have prosecuted this their further appeal to this court.
Stultz & Woodburn and F. E. Andrews abode the decree of
the circuit court.

The bill was in the nature of a creditor's bill to remove a
fraudulent conveyance of the title of the debtor's land out of
the way of an execution and to subject the same to the lien
of a judgment. It was not, therefore, necessary to the juris-
diction of equity that an execution should have been issued
on the judgment and returned *nulla bona* prior to the filing
of the bill. *French* v. *Commercial Nat. Bank,* 199 Ill. 213.

We find it was clearly proven that the title to the land
in controversy was at one time possessed by the judgment
debtor, Jesse W. Scott; that he and his wife executed a deed
purporting to convey the same to one Solon Stephens, the
father of the wife, and that Solon Stephens re-conveyed to

Charlotte A. Scott, the wife of said debtor; that marital difficulties arose and that said debtor filed a bill for divorce against his wife, and that during the pendency of the suit for divorce, by agreement between the husband and the wife, the wife executed a deed purporting to convey the said land to Wayne E. Scott, a son of the parties, and that said Wayne E. Scott conveyed the same to the appellant Charles P. Scott, also a son of the parties to the divorce suit. It also plainly appeared from testimony heard by the chancellor, that all of these conveyances were without consideration and merely colorable, the intent being to cover and secrete the ownership and title of the judgment debtor, who was the real owner of the land.

The evidence relied upon to establish the agreement on the part of the said Charlotte and said Jesse W. that the former should convey the title to the lands in question to their son, consisted of the testimony of the respective solicitors of the husband and wife in the then pending suit for divorce, with reference to an agreement entered into by the husband and wife in the course of the proceedings in the divorce suit. It was objected that the information thus obtained by the said solicitors was privileged, and it is urged that the chancellor erred in overruling that objection. It appeared from the testimony of the solicitors that the husband and wife and their two sons and the respective solicitors were assembled, by mutual consent, for the purpose of discussing and settling the property rights of the husband and wife, and that the statements and admissions testified to by the solicitors and urged to be privileged were made in the conversation which then occurred between the husband and wife in the presence of their sons and of the solicitors for the husband and wife, respectively. Statements made by clients in the presence of third parties, or of the opposite party and his solicitors, are not of that confidential nature which the client may insist shall not be disclosed by an attorney or solicitor. *Lynn* v. *Lyerle,* 113 Ill. 128; 23 Am. & Eng. Ency. of Law, (2d ed.) 72, 73.

At the time the said debtor, Jesse W. Scott, conveyed the title to the lands here involved, through the intervention of said Stephens, to Charlotte A., wife of Jesse W., the indebtedness to the appellee company had not been contracted. It is urged that the conveyance of the lands to the wife should be properly regarded as but a reasonable provision made for the wife, which the husband might lawfully make, as recognized by this court in *Bittinger* v. *Kasten,* 111 Ill. 260, and which the appellee, not then being a creditor, had no standing to attack as prejudicial to it. There is nothing in the testimony to show that the investiture of the title to the land in the wife by the husband was intended as a gift or as a settlement of the property upon her. The arrangement shown to have been entered into between the husband and the wife in connection with the proceedings for divorce proceeded upon the theory that the husband was entitled to the land, and the conveyance thereof by the wife to their son Wayne E. was clearly proven to have been made for the purpose of placing the title within the control of the husband and beyond the reach of the judgment which the appellee company then held against the husband. The subsequent conveyance from Wayne E. to Charles P. Scott was but colorable and without any substantial consideration, and it was clearly shown that Charles P. knew that Wayne E. held the property for the purpose of covering the title so that it could not be seized by the appellee company under its judgment.

It is immaterial to determine whether the contract between the husband and wife was against public policy and void because it provided for the entry of a decree of divorce as one element of the consideration of the contract. If it were sought to enforce the contract the question might be important. But the contract was voluntarily executed. The wife conveyed the premises to Wayne E., and he, in turn, conveyed to Charles P., and the said Jesse W. became the real and actual owner of the premises, though he had the title thereto standing in the name of his son Charles P. The appellee company was therefore entitled to the aid of a court

of equity to enable it to have the lands applied to the payment of the judgment in its favor.

The contention that as the deed executed by Charlotte A. Scott to Wayne E. contained full covenants of warranty, the said Charlotte A. was an indispensable party defendant to appellee's bill, is not tenable. Without being understood to hold that the grantor in an alleged fraudulent conveyance, who is not the debtor, is a necessary party to a bill brought by a creditor to avoid the conveyance and subject the land to the lien of his judgment, this contention may be disposed of by the observation that Wayne E., the grantee in the deed made by Charlotte A., has parted with all title to the premises by a quit-claim deed. No liability to respond for a failure of or encumbrance on the title could devolve on him. The quit-claim deed to Charles P. invested him with the right to enforce the covenants made by his mother, for they ran with the title; but he is a party to this suit, and the proof here shows he was present when it was arranged that his mother, Charlotte A., should convey the land to his father or to any one whom the father should direct, and knew that the conveyance was made by the mother to Wayne E. in pursuance of this agreement and for the porpose of secreting the title from the creditors of the father. Under such circumstances Charles P. could not recover on the covenants against his mother on the ground the creditors of the father succeeded in uncovering the fraud and procuring the land to be applied to the discharge of the judgment against the father, hence the decree did not create any liability against the mother.

We are well satisfied with the finding that the conveyance made by Wayne E. to Charles P. was not in good faith and was without sufficient consideration. The evidence showed that Charles P. had actual notice and knowledge of the fact that the real ownership of the land was in the father, and that the conveyance thereof to his grantor was collusive and fraudulent and made for the purpose of hindering and delaying the creditors of the father. The disposition made of the rents and profits while the title stood in Wayne E.,

and after the conveyance by Wayne E. to Charles P., was consistent only with the view that neither of them was at any time the real beneficial owner of the land.

It seems that Stultz & Woodburn began an action in attachment against Jesse W. Scott and levied the attachment writ on the premises here involved, and subsequently obtained a judgment in attachment and an order of sale of the property which had been attached. The sheriff had the order of sale and at the same time had an execution which had been issued on the judgment in favor of the appellee company and also an execution which had been issued on the judgment in favor of Andrews. It appeared the land was advertised to be sold under the levy and order of sale issued in the attachment case, and that at the sale the appellee company bid the sum of $1758.55, being the total amount of all the judgments, interest thereon and the costs in the three cases. The appellee company refused to perfect its bid but abandoned the same, and the sheriff did not endorse the execution as satisfied. It is urged this sale was a satisfaction of the executions, or at least that there could be no further proceedings under them, and that these executions would not sustain a bill unless an order of court had been entered setting aside the sale. A levy of an execution on real estate of sufficient value to satisfy it does not, like a levy on personal property, operate, while the levy is undisposed of, as such a satisfaction of the judgment as will bar the attempt to collect the judgment by other proceedings. (*Gold* v. *Johnson,* 59 Ill. 62; *Herrick* v. *Swartwout,* 72 id. 340; *Robinson* v. *Brown,* 82 id. 279.) The bid made by the appellee company did not result in the satisfaction of the judgment. The title to the land did not stand in the attachment debtor, and it was permissible to the appellee company to decline to complete the bid by payment of the amount thereof. The title was not affected by the sale, and there was no actual satisfaction of the judgment in attachment or that in favor of the appellee company, and the judgment of the appellee company remained in full force, unaffected by

the bid at the sale under the attachment writ. 11 Am. & Eng. Ency. of Law, (2d ed.) 712, and authorities cited in note 3.

It was not error to decree that Katurah, wife of appellant Charles P. Scott, should be liable for costs. Her interest was at most only an inchoate right of dower, and if she had not participated in the defense of the suit, the chancellor, in the exercise of a sound discretion, would no doubt have ordered the costs to be paid by the other defendants to the bill. But she voluntarily filed an answer to the bill, in which she denied all charges of fraud, denied that Jesse W. Scott became entitled to the land in controversy by the settlement and adjustment of property rights between the husband and wife during the pendency of the suit for divorce, and denied that said Jesse W. Scott had any rights or interests in the lands to which her husband had the title, and appeared by counsel in the hearing of the cause in an effort to support the proof of the statements of her answer. It was not an abuse of judicial discretion to treat her as liable, with the other defendants, for the payment of the costs.

Nor do we agree with the contention that the chancellor erred in failing to require Stultz & Woodburn and said F. E. Andrews to pay the cost occasioned by their participation in the proceedings. Jesse W. Scott was justly indebted to them, but they were denied relief on the ground that they were cognizant of and participated in the attempted fraudulent concealment of the property of said Jesse W. Scott. Because of this misconduct the chancellor refused to hold that the title of Charles P. Scott should be declared subject to the lien of their judgments. But for their participation in the fraudulent transaction sought to be opened up they had a meritorious right to relief. Their appearance as complainants added but little to the cost of presenting the case, and a sound and wise judicial discretion did not demand that they should be required to pay costs in addition to being denied any remedy for the collection of their judgments.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*