Samuel Bransky, Appellee, v. Joseph Lebow, Appellant.

Gen. No. 39,967.

Opinion filed April 25, 1938.   Rehearing denied May 9, 1938.

A. A. SCHWARZBACH and JULIUS S. NEALE, both of Chicago, for appellant; CLARENCE T. MORSE, of Chicago, of counsel.

EDWARD P. SALTIEL and GEORGE L. PILKINGTON, both of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

October 22, 1936, Samuel Bransky filed his complaint in chancery against Joseph Lebow and John Toman, sheriff of Cook county, praying that a judgment entered against him by default in favor of Lebow in an action to recover damages for an assault upon the person, be set aside, and further, that the sheriff be restrained from taking Bransky into custody on a writ of *capias ad satisfaciendum* issued on the judgment. The complaint, which was verified, set up that Bransky

had not been served with process in the action for damages and knew nothing about the judgment until after the *capias* had issued for his arrest; that the action for damages was begun July 11, 1932, in the superior court of Cook county, and that the *alias capias* was issued March 5, 1936, by virtue of which the sheriff took plaintiff into custody. It was further alleged that defendant had a good defense on the merits, etc. November 19, 1936, plaintiff filed his verified petition setting up many of the matters alleged in his complaint and praying that a writ of injunction issue restraining the sheriff from taking custody of plaintiff. On that day an order was entered that a writ of injunction issue restraining the sheriff "from enforcing the *capias Ad Satisfaciendum,* from taking into custody the said Samuel Bransky until the further Order of this Court." Thereupon plaintiff filed his injunction bond of $2,500, and the writ issued commanding the sheriff to "DESIST AND REFRAIN from taking into custody Samuel Bransky under a capias ad satisfaciendum issued in case No. 561191 Superior Court of Cook County." Afterward, on February 17, 1937, defendant Lebow's motion to strike the complaint was denied and he was ruled to answer. March 10 following he filed his answer. Afterward, on June 25, the case was heard by the chancellor, and after hearing the testimony of witnesses it was ordered that the suit be dismissed for want of equity. July 16, 1937, Lebow filed his petition setting up what had been done in the case and praying that he be allowed $600 against Bransky, "in accordance with Section 12, chapter 69, Injunctions," or in the alternative, if the court refused to allow the $600 for damages, which was for attorneys' fees incurred by Lebow in having the complaint dismissed, that the petitioner be allowed a judgment for 10 per cent of the judgment of $4,700, in accordance with "Section 8, Chapter 69 Injunctions." Afterward, in November,

1937, Bransky filed his answer to the petition denying liability, and on December 8, 1937, an order was entered denying the prayer of Lebow's petition for attorneys' fees, and it is from this order that he appeals.

Section 8 of the chapter on Injunctions (sec. 8, ch. 69, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 109.356]) is the basis of Lebow's claim for attorneys' fees. *Hollister v. Sobra,* 264 Ill. 535. That section provides: "Before an injunction shall issue to enjoin a judgment, the plaintiff shall give bond to the owner thereof, in double the amount of such judgment, with sufficient surety approved by the court, judge or master, conditioned for the payment of all moneys and costs due to the owner of the judgment, and such damages as may be awarded against the plaintiff in case the injunction is dissolved. If the injunction be dissolved in whole or in part, the plaintiff shall pay, exclusive of legal interest and costs, such damages as the court shall award, not exceeding ten per centum on such part as may be released from the injunction." In the instant case payment of the judgment of $4,700 rendered on the verdict of the jury in the assault case, which Lebow brought against Bransky, was not enjoined. The injunction only restrained the sheriff from taking and holding Bransky under the *capias ad satisfaciendum.* The injunctional order and writ did not prevent the issuance of an execution so that levy might be had on any property belonging to Bransky. *Moriarty v. Galt,* 23 Ill. App. 213, affirmed 125 Ill. 417.

The order of the superior court of Cook county appealed from is affirmed.

*Order affirmed.*

McSurely and Matchett, JJ., concur.